UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA HOWARD,

                  Plaintiff,

v.                                                              Case No. 18-cv-1830-pp

LINDA ALSUM-O'DONOVAN, *et al.*,

                  Defendants.

**ORDER DENYING PLAINTIFF'S RULE 59(E) MOTION (DKT. NO. 15)**

      Plaintiff Joshua Howard, an inmate representing himself, filed a complaint alleging that the defendants violated his civil rights under 42 U.S.C. §1983. Dkt. No. 1. The court screened the complaint and found that the plaintiff had not made specific allegations detailing how the named defendants' failure to change the medication distribution policy amounted to deliberate indifference. Dkt. No. 9. The court gave the plaintiff a deadline of August 14, 2020 by which to amend his complaint to provide more specific allegations. Id. at 10. The plaintiff asked for an extension of time, dkt. no. 10; the court granted that request, extending the deadline to August 28, 2020, dkt. no. 11.

      The plaintiff filed an amended complaint on August 24, 2020, dkt. no. 12, which the court screened on December 14, 2020, dkt. no. 13. The court concluded that amended complaint did not contain the necessary additional information; because the plaintiff still had not provided enough detail, the court found that the amended complaint failed to allege that the defendants knew about the constitutional deprivation and were deliberately indifferent. Id.

1

at 13-15. The court dismissed the case. Id. at 15.

The plaintiff now has filed a motion under Federal Rule of Civil Procedure 59(e), asking the court to alter or amend the judgment and allow him to proceed on the amended complaint. Dkt. No. 15. Rule 59(e) allows a party to file a motion to alter or amend a judgment within twenty-eight days of the court entering judgment. The plaintiff filed his motion twenty-five days after the court entered judgment, so it was timely under the rule. "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, (7th Cir. 2007)). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

In his ten-page motion, the plaintiff provides more details relating to the individual inmate complaints each defendant received and provides more context as to what each defendant knew and when they knew it regarding his issues with medication distribution. The motion does not explain why the plaintiff did not provide these details in the complaint he filed on November 20, 2018 or in the amended complaint he filed on August 24, 2020. Nor did the plaintiff comply with this district's Civil Local Rule 15(b), which requires a party seeking to amend a pleading to "reproduce the entire pleading as amended" and prohibits the party from incorporating prior pleadings by reference. Even if the plaintiff had explained why it has taken him so long to

provide the necessary details, or had attached to his motion a proposed second amended complaint, the plaintiff has not demonstrated that the court committed a manifest error of law or fact in dismissing the case. The plaintiff has not demonstrated that the court misunderstood the facts in the amended complaint or that it applied the law incorrectly to those facts. The court will deny the plaintiff's Rule 59(e) motion.

The court **DENIES** the plaintiff's Rule 59(e) Motion. Dkt. No. 15.

Dated in Milwaukee, Wisconsin this 26th day of March, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**