UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA HOWARD,

                          Plaintiff,

v.                                         Case No. 18-cv-1830-pp

LINDA ALSUM-O'DONOVAN, *et al.*,

                          Defendants.

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS (DKT. NO. 30)**

On May 18, 2021, the court granted the plaintiff's motion to reconsider, reopened this case and allowed the plaintiff to proceed on his second amended complaint, in which he alleges that the defendants—various security officials and the regional nursing coordinator at the Waupun Correctional Institution—were deliberately indifferent to his serious medical needs based on their continued use of correctional officers to distribute medication, maintain medication records and issue refill slips to the Health Services Unit, in violation of the Eighth Amendment to the United States Constitution. Dkt. No. 21 (order granting motion to reconsider and screening second amended complaint); Dkt. No. 22 at 3 ¶3 (second amended complaint). The defendants have filed a motion to dismiss on the ground that this case violates that anti-claim-splitting rule. Dkt. No. 30 at 1.

**I.    Standard of Review**

The defendants bring their motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Claim-splitting is a subset of the *res judicata* doctrine, an affirmative defense that the Seventh Circuit has held is best addressed under

1

Rule 12(c). See Carr v. Tillery, 591 F.3d 909, 913 (7th Cir. 2010); Scholz v. United States, 18 F.4th 941, 951-52 (7th Cir. 2021). In any event, the invocation of Rule 12(b)(6) in this case "is of no consequence" because the court has before it everything necessary to rule on the defense. See Carr, 591 F.3d at 913; accord Walczak v. Chi. Bd. of Educ., 739 F.3d 1013, 1016 n.2 (7th Cir. 2014).

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The court evaluations a Rule 12(c) motion under the same standards that govern a Rule 12(b)(6) motion to dismiss; the court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the non-moving party. See Lodholtz v. York Risk Servs. Grp., 778 F.3d 635, 639 (7th Cir. 2015) (citations omitted).

## II. The Parties' Arguments

The defendants contend that the court must dismiss the case under the doctrine of "claim splitting" because it arises out of the same operative facts as Howard v. Schrubbe, 15-cv-557-BHL (E.D. Wis.).[1] Dkt. No. 30 at 2. The defendants assert that the plaintiff cannot use an identical core of operative facts (his history of medication outages) to bring two separate lawsuits under §1983, one predicated on a failure to ensure that he received all his medication (Case No. 15-cv-557) and another predicated on a failure to have nurses rather than correctional officers distribute his medications (the instant case). Id.

---

[1] The court held a jury trial in that case; on October 26, 2021, the jury returned a verdict for the defendant.

The plaintiff responds that while both his complaint in this case and his complaint in Case No. 15-cv-557 "fault the use of correctional staff the 2015 action was premised on HSU's reliance on them for ordering refills while the present action involves reliance on them for distributing the medication without adequate training and supervision." Dkt. No. 34 at 1. He asserts that to whatever degree the claims share an identity, several exceptions apply which should prevent the court from finding that the plaintiff has engaged in claim splitting. Id. The plaintiff contends that the "novel circumstances and history of the two actions at issue present ideal facts to support the type of rare, narrow and clear exception favored in the state courts." Dkt. No. 34 at 3. The plaintiff also contends that he did not learn of the extent to which the medication officers (in addition to the refill officers) were responsible for the outages until after discovery, when it was too late to amend his complaint; he says that the court should find that to the extent that any of the claims should have been included in Case No. 15-cv-557, that option was not reasonably available to the plaintiff and he had no other recourse but to file a second case. Id. at 5.

Next, the plaintiff contends that any claims occurring after 2015 are exempt. Id. According to the plaintiff, any claims against Schrubbe in Case No. 15-cv-557 are limited to the date of her retirement on February 27, 2015 and therefore, the following three years of harm were properly included in this case which he filed in 2018. Id.

Finally, the plaintiff contends that the court alternatively should find that the defendants "acquiesced" to the splitting of claims and/or that the totality of circumstances constitutes an "extraordinary reason" for allowing the claims. Id. at 7. The plaintiff says that the defendants waited until it was too

3

late for the plaintiff to amend the complaint to point the finger at the current defendants and fault him for not suing them instead. Id.

**III. Discussion**

When a plaintiff brings a case "arising from the same transaction or events underlying a previous suit, simply by a change of legal theory," claim splitting has occurred, and the case cannot be maintained., 18 F.4th at 951 (quoting Carr v. Tillery, 51 F.3d 909, 913 (7th Cir. 2010)). The court draws on principles of claim preclusion to determine whether claim splitting bars a subsequent case. See id. at 952. Claim preclusion "blocks a second lawsuit if there is (1) an identity of the parties in the two suits; (2) a final judgment on the merits in the first; and (3) an identity of the causes of action." Id. (quoting Barr v. Bd. of Trs. of W. Ill. Univ., 79 F.3d 837, 840 (7th Cir. 2015)). Claim splitting does not require claim preclusion's second factor, finality of the judgment. Id. (citing Katz v. Gerardi, 655 F.3d 1212, 1218 (7th Cir. 2011)). The court examines only whether there is an identify of the parties and of the causes of action between Case No. 15-cv-557 and this case.

Both cases were filed in federal court and assert claims based on federal law, so the court applies federal law in determining whether claim splitting bars this subsequent case. See Berry v. Ill. Dep't of Hum. Servs., No. 00 C 5538, 2001 WL 111035, at *14 (N.D. Ill. Feb. 2, 2001) (citing Heck v. Humphrey, 512 U.S. 477, 488 n.9 (1994); EEOC v. Harris Chernin, Inc., 10 F.3d 1286, 1289 n.4 (7th Cir.1993); Teamsters Local 282 Pension Trust Fund v. Angelos, 762 F.2d 522, 525 (7th Cir. 1985)).

The defendants have not addressed the question of whether there is an identity of parties between Case No. 15-cv-557 and this case. Regarding the identity of parties, the plaintiff states only that "[w]hile the plaintiff disagrees, it

4

is likely the defendants would be considered the same simply because they are DOC employees." Dkt. No. 34 at 2. In the motion to amend the complaint that the plaintiff filed in this case (dkt. no. 20) which the court granted on May 18, 2021 (dkt. no. 21), the plaintiff stated that in Case No. 15-cv-557, he had named the manager of the Health Services Unit, but that during discovery he had learned that "several security staff were equally responsible for his treatment and rather than add several defendants late in the proceedings, he decided to just file a separate action." Dkt. No. 20 at 3-4.

The defendants in Case No. 15-cv-557 were employees of the Wisconsin Department of Corrections, represented by the Wisconsin Department of Justice. The defendants in this case are employees of the Wisconsin Department of Corrections, represented by the Wisconsin Department of Justice. But the plaintiff has sued the defendants in their individual capacities. Under federal principles of claim preclusion, defendants sued individually are not in privity with each other. Beard v. O'Neal, 728 F.2d 894, 897-98 (7th Cir. 1984) (government employees sued in their individual capacities are not in privity with another employee of the agency who was previously sued in his individual capacity) (distinguishing Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381 (1940)). See also Conner v. Reinhard, 847 F.2d 384, 394-96 (7th Cir. 1988) (government employees sued in their individual capacity are not in privity with their employer, which was previously sued).

The parties in Case No. 15-cv-557 are not in privity with the parties in this case. The court will deny the defendants' motion to dismiss and direct them to file a responsive pleading to the amended complaint.[2]

---

[2] Because the parties are not in privity, the court need not determine whether there is an identity between the causes of actions in the two cases.

## IV. Conclusion

The court **DENIES** the defendants' motion to dismiss. Dkt. No. 30.

The court **ORDERS** that the defendants file a responsive pleading to the plaintiff's second amended complaint (Dkt. No. 22).

Dated in Milwaukee, Wisconsin this 30th day of March, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**