UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA HOWARD,

    Plaintiff,

v.                                       Case No. 18-cv-1830-pp

ANTHONY MELI, *et al.*,

    Defendants.

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES (DKT. NO. 75), DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO REDRAFT MOTION TO COMPEL AND SUBMIT RESPONSE (DKT. NO. 79) AND DENYING PLAINTIFF'S MOTION FOR ORDER ALLOWING ACCESS TO FUNDS IN RELEASE ACCOUNT (DKT. NO. 80)**

The plaintiff, who currently is incarcerated at Fox Lake Correctional Institution, filed this lawsuit challenging the way medication is distributed at Waupun Correctional Institution, where he previously was incarcerated. He says that he has missed thousands of doses of medication since 2004 and that the defendants' failure to change the medication distribution procedures violated his rights under the Eighth Amendment. On December 22, 2023, the defendants filed a motion for summary judgment. Dkt. No. 64. The plaintiff has not yet responded to that motion. This order addresses the plaintiff's motion to compel, dkt. no. 75, motion for extension of time to redraft motion to compel and submit response, dkt. no. 79, and motion for order allowing access to funds in release account, dkt. no. 80; it also sets a deadline for the plaintiff to respond to the defendants' motion for summary judgment.

1

## I. Procedural Background

On March 23, 2023, the court granted the plaintiff's motion to amend the complaint and ordered that the third amended complaint (Dkt. No. 54) is the operative complaint. Dkt. No. 53. The court allowed the plaintiff to proceed on an Eighth Amendment claim against defendants David Burnett, James Greer and Ryan Holzmacher based on allegations that they failed to change Waupun's policy of having officers distribute medications to incarcerated individuals despite being aware of the dangers of using correctional staff to distribute medication and maintain med logs as well as an ongoing problem at Waupun and with the plaintiff. Dkt. No. 53 at 37. The court also allowed the plaintiff to proceed against defendants Anthony Meli and Donald Strahota based on their alleged failure to address problems with Waupun's policy that the plaintiff says would have drastically reduced the number of missed medications. Id.

The court allowed the plaintiff to proceed on an Eighth Amendment claim that Meli failed to review the medication delivery and documentation process in February 2012 (dkt. no. 54 at ¶86), failed to follow up on staff training the proper documentation of med logs in November and December 2015 (id. at ¶92), failed to conduct further review and training with respect to officers properly documenting the med logs in May 2016 (id. at ¶93) and failed to evaluate the medication issue with the goal of eliminating the recurring problem in November 2016 (id. at ¶94). The court allowed the plaintiff to proceed on an Eighth Amendment claim that Strahota failed to take action to

2

Case 2:18-cv-01830-PP   Filed 06/17/24   Page 2 of 9   Document 81

address issues with the policy when asked to do so in December 2008 (id. at ¶¶110-11), June 2009 (id. at ¶113), and February 2012 (id. at ¶114). Dkt. No. 53 at 37-38.

The defendants answered the third amended complaint, dkt. no. 58, and on May 24, 2023, the court issued a scheduling order setting deadlines for the parties to complete discovery and file motions for summary judgment, dkt. no. 59. On December 22, 2023, the defendants filed a motion for summary judgment. Dkt. No. 64. The plaintiff's response to the defendants' motion was due January 22, 2024. Dkt. No. 72. On January 30, 2024, the court received from the plaintiff a late-filed letter asking the court to stay his response deadline "until the ongoing discovery dispute can be resolved." Dkt. No. 73. The defendants did not respond to the plaintiff's request and on February 26, 2024, the court ordered that the plaintiff could file a motion to compel by March 11, 2024. Dkt. No. 74.

## II. Plaintiff's Motion to Compel (Dkt. No. 75)

On March 13, 2024, the court received from the plaintiff a motion to compel responses to his requests for interrogatories, admissions and requests for production of documents. Dkt. No. 75. He states that on June 3, 2023, he sent out requests for documents, interrogatories and requests for admission and that the defendants responded to these discovery requests on July 5, 2023 (admissions) and September 13, 2023 (documents and interrogatories). Id. at 2. The plaintiff says that on July 15, 2023, he replied to the admission responses and on October 12, 2023, he responded to the other discovery requests; he

3

asserts that he has not yet received a reply from the defendants. Id. The plaintiff contends that some of the defendants' responses to his 129 requests for admission are inadequate because the defendants admitted only to the content of documents referenced in the request. Id. at 4. According to the plaintiff, "[t]hese (129) 'admissions' are in essence non-admissions considering that it is not clear from the answer what it does or does not admit to, as there is no confirmation that the information given in the request is accurate, just a vague reference to the contents of the document."[1] Id. The plaintiff also contends that for six of their responses to his requests for admission, the defendants "switched it up by placing a denial in front of the pattern admission, both denying and admitting to the request for admission which is confusing as there is no indication as to exactly what they are admitting to and what they are denying[.]" Id. at 5. He states that in response to two requests, the defendants denied the requests for admission but failed to produce the documents supporting the denials. Id. at 7. Regarding requests for documents 1-6, the plaintiff states that the defendants' responses are deficient, and he requests a full response. Id. at 7-10. Regarding his interrogatories, the plaintiff says that the defendants gave blanket objections that his requests were overly broad and burdensome. Id. at 10-14.

---

[1] The plaintiff states, "[s]pecifically, the defendants admitted that the documents 'said what they said' in response to Requests 5-8, 12·36, 38, 40-57, 62-66, 68·69, 71 ·73, 75, 77, 79, 84·87, 90, 92·93, 95·100, 102-06, 108· 09, 112·15, 117·24, 126·27, 129·30, 132-33, 135·37, 139·42, 144·48, 150·54, 156·59, 161·63, 167·70, 177, 179." Dkt. No. 75 at 4 n.1.

The defendants respond that plaintiff's motion now is moot and should be denied. Dkt. No. 78 at 2. According to the defendants, most of the plaintiff's discovery focuses on individual instances where he missed medication doses and not on whether the defendants tried to change the medication delivery policy or even if they had the power to change the policy. Id. at 3. They state that they do not contest that the plaintiff missed many doses, but assert that missing medication doses was unique to the plaintiff, because he regularly would refuse his medication and refuse to follow the basic procedures and rules implemented to make medication delivery run efficiently. Id. The defendants state that the crux of this case is that even had there been a medication delivery problem, they lacked the power to change the Wisconsin Department of Adult Institutions' medication delivery policy and could not appropriate additional state funding to hire the extensive number of nurses the Department of Corrections would have needed to implement the plaintiff's preferred medication delivery method. Id. The defendants contend that that is what is dispositive in this case, these are the facts the plaintiff must address to prevail on summary judgment and the vast majority of his discovery requests are immaterial to that core inquiry. Id. The defendants explain:

> For the Court's reference, Defendants have included their initial and supplemental responses to Plaintiff's latest discovery requests with this filing. Plaintiff submitted prior discovery requests that are irrelevant to this motion to compel. Defendants responded and produced eight-hundred-forty-five pages of documents to Plaintiff's prior discovery requests, which the Defendants have not included in this filing but would happily produce for the Court if the Court desires those discovery responses and previously produced documents.

5

> Relevant to this motion to compel and Defendants' responses/supplements, Plaintiff objected to some of Defendants' initial responses, as Defendants referred Plaintiff to the documents he requested and admitted only to the documents' contents. (*See* Dkt. 75:2-4.) In a good faith effort to resolve any discovery dispute though, Defendants have supplemented and responded in detail to the contents of the documents Defendants retained and possess. However, as this case concerns allegations beginning in 2004, there are many documents the Defendants no longer possess, as too much time has passed, and the State routinely destroys older documents as part of the State's routine document and file maintenance.
>
> Plaintiff also requested the Defendants clarify some answers to plaintiff's requests to admit, which the Defendants have attempted to do in their supplemental responses. (*See* Dkt. 75:5-7; *see also* Defendants' Supplemental Responses.) Defendants further have provided all relevant documents Defendants still possess, which now total nearly one-thousand-pages sent to Plaintiff. As Defendants have now supplemented their responses and provided all relevant documentation the Defendants still possess, Plaintiff's motion to compel is moot and should be denied. Furthermore, the initial discovery deadline was October 23, 2023, and Defendants filed for summary judgment on December 22, 2023. (Dkt. 59:1; 64.) Much of the information Plaintiff requests months later is irrelevant to Defendants' motion for summary judgment.

Dkt. No. 78 at 3-4.

The court agrees with the defendants that the plaintiff's motion to compel now is moot. The defendants' supplemental responses to the plaintiff's discovery requests address the issues the plaintiff raised in his motion to compel. Id. at 124-206. The court will not allow additional discovery. The court will deny as moot the plaintiff's motion to compel and at the end of this order will set a deadline for the plaintiff to respond to the defendants' motion for summary judgment.

After the defendants filed their response to the plaintiff's motion to compel, the plaintiff filed a letter stating that based the defendants' response,

6

he is "essentially going to have to redraft [his] motion base[d] on these new responses and [he] request[s] (60) days to submit [his] response." Dkt. No. 79. Because the court is denying as moot the plaintiff's motion to compel, it also will deny as moot the plaintiff's motion to redraft his motion to compel.

### III. Plaintiff's Motion for Order Allowing Access to Funds in Release Account (Dkt. No. 80)

The plaintiff says that he has exceeded his annual $100 legal loan and he asks the court to issue an order allowing him to access the over $300 in his release account to cover his costs. Dkt. No. 80 at 2. The plaintiff recounts that he has five cases pending before the court and asserts that he needs the release account funds to "cover his costs between now and the end of the year." Id. at 1-2.

Federal courts in this state have permitted incarcerated persons to use their release accounts to pay their initial partial filing fee. E.g. Doty v. Doyle, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002); Spence v. McCaughtry, 46 F. Supp. 2d 861, 862–63 (E.D. Wis. 1999). But absent unusual circumstances, this court lacks the authority to order (or allow) an incarcerated plaintiff to "tap into his release account to pay current (or future) litigation costs." McCalla v. Thompson, Case No. 18-CV-1895-JPS, 2019 WL 3220551, at *2 (E.D. Wis. July 17, 2019) (citing Wilson v. Anderson, Case No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014)); see also Artis v. Meisner, Case No. 12-CV-589-WMC, 2015 WL 5749785, at *6 (W.D. Wis. Sept. 30, 2015) ("[T]his court has not found any case in which a federal court permitted a prisoner to pay

7

litigation costs from a release account under the federal PLRA." (emphasis omitted)).

The plaintiff says he needs a legal loan to cover his costs in the cases he has pending in this court. That is not an unusual circumstance. It is the plaintiff's responsibility to fund his own litigation—including discovery costs—even when he is representing himself. See Lindell v. McCallum, 352 F.3d 1107, 1111 (7th Cir. 2003); Nail v. Gutierrez, Case No.:06-CV-292, 2007 WL 4255535, at *1 (N.D. Ind. Nov. 30, 2007). The plaintiff may ask the state for a legal loan to cover his costs under Wis. Admin. Code §DOC 309.51(1)[2]. But securing and repaying that loan is "a matter strictly between him and Wisconsin, and not any business of the federal courts." See Lindell, 352 F.3d at

---

[2] That section provides:

> (1) Correspondence to courts, attorneys, parties in litigation, the inmate complaint review system under ch. DOC 310 or the parole board may not be denied due to lack of funds, except as limited in this subsection. Inmates without sufficient funds in their general account to pay for paper, photocopy work, or postage may receive a loan from the institution where they reside. No inmate may receive more than $200 annually under this subsection, except that any amount of the debt the inmate repays during the year may be advanced to the inmate again without counting against the $200 loan limit. The $200 loan limit may be exceeded with the superintendent's approval if the inmate demonstrates an extraordinary need, such as a court order requiring submission of specified documents. The institution shall charge any amount advanced under this subsection to the inmate's general account for future repayment. An inmate may be permitted to retain in the inmate's general account an amount of money specified, in writing, by the bureau of adult institutions that is not subject to repayment of the loan.

Wis. Admin. Code DOC §309.51(1).

8

Case 2:18-cv-01830-PP    Filed 06/17/24    Page 8 of 9    Document 81

1111 (citing <u>Luedtke v. Bertrand</u>, 32 F. Supp. 2d 1074, 1076 (E.D. Wis. 1999)). The court will deny the plaintiff's motion.

### IV. Conclusion

The court **DENIES AS MOOT** the plaintiff's motion to compel discovery responses. Dkt. No. 75.

The court **DENIES AS MOOT** the plaintiff's motion for extension of time to redraft motion to compel and submit response. Dkt. No. 79.

The court **DENIES** the plaintiff's motion for order allowing access to funds in release account. Dkt. No. 80.

The court **ORDERS** that the plaintiff must file his response to the defendants' motion for summary judgment in time for the court to receive it by the end of the day on **July 19, 2024**.

Dated in Milwaukee, Wisconsin this 17th day of June, 2024.

> **BY THE COURT:**
>
> _____
> **HON. PAMELA PEPPER**
> **Chief United States District Judge**